IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ADAM CHISM PETITIONER

VERSUS CIVIL ACTION NO. 3:20cv432-DPJ-LRA

BURL CAIN RESPONDENT

---

# ANSWER

---

**COMES NOW** the Respondent in the above-styled and numbered cause and files this **Answer** to the Petition for Writ of Habeas Corpus (Doc. 1) filed herein, and in support thereof, would show unto the Court the following:

## I.

Respondent admits the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9,[1] 10, and 11 of the instant petition.

## II.

Respondent denies the allegations requesting relief in paragraph 12 of the instant petition, particularly the allegations contained in Grounds One, Two, Three, Four, and Five, as well as any argument and attachments in support thereof, all of which will be discussed in detail below.

---

[1] With respect to paragraph 9(f), Petitioner does not provide his specific grounds for relief raised on direct appeal; however, Respondent has set forth this information *infra*. Doc. 1 at 2.

III.

With respect to paragraph 13, Respondent submits that Petitioner failed to exhaust certain of his claims raised in the instant petition in the state's highest court, as discussed in detail below.

IV.

Respondent admits the allegations contained in paragraphs 14, 15, 16, and 17 of the instant petition.

V.

With respect to paragraph 18, Respondent admits that Petitioner timely filed the instant petition in this Court.

VI.

Respondent denies that Petitioner is entitled to the relief requested in the instant petition. Further, Respondent denies that Petitioner is entitled to any relief whatsoever.

## SCOPE OF REVIEW

Respondent submits that the scope of review on habeas corpus is controlled by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq.*, as cited, *infra.*

## AFFIRMATIVE DEFENSES

**AND NOW** having responded to each of the allegations contained in the Petition for Writ of Habeas Corpus, Respondent would affirmatively show unto the Court the following:

A. The Court lacks jurisdiction over the parties and the subject matter.

B. The petition and/or its individual grounds fail to state a claim upon which relief can be granted.

C. The grounds cited for relief in the petition are precluded from federal consideration in that such rest upon independent and adequate state law grounds.

D. The grounds cited for relief in the petition are precluded from federal consideration in that such rest upon a reasonable application of clearly established federal law as determined by the Supreme Court of the United States, and a reasonable determination of the facts in light of the evidence presented in the state court proceedings.

E. The grounds given for relief are without merit.

**AFFIRMATIVE MATTERS PURSUANT TO RULE 5**

Pursuant to 28 U.S.C. § 2254, Rule 5, Respondent would show unto the Court the following:

1. The Petitioner, Adam Chism, is in the lawful custody of the Mississippi Department of Corrections ("MDOC") and is currently housed at the South Mississippi Correctional Institution, in Leakesville, Mississippi. Following a jury trial in the Hinds County Circuit Court, Chism was convicted of the crime of burglary of a dwelling. *See* State Court Record ("SCR"), Cause No. 2016-KA-01404-COA, Vol. 1 at 69; *see also* Vol. 3 at 290.[2] The trial judge sentenced Chism as a habitual offender

[2] References to the state court record from Chism's direct appeal of his conviction and sentence are designated herein as "SCR" with the appropriate volume and page number. Chism's post-conviction proceedings are likewise designated herein as "SCR" with the appropriate cause number.

pursuant to Mississippi Code Annotated section 99-19-83 to serve a term of life imprisonment in the custody of the MDOC. SCR, Vol. 1 at 76; *see also* Vol. 4 at 298–332.

2. Chism appealed his conviction and sentence to the Mississippi Supreme Court, originally raising the following three issues through counsel on direct appeal, as restated below:

Issue 1: Whether the trial judge erred in allowing the admission before the jury at the end of trial of the Appellant's prior House Burglary conviction into evidence after previously excluding it *under Mississippi Rule of Evidence* 609, and whether admission of the appellant's prior conviction was a *per se* violation of *Mississippi Rule of Evidence 404(b),* Prior Bad Acts.

Issue 2: Whether the trial court erred when it denied the Appellant's motion to set aside the jury's verdict (J.N.O.V.) for legal insufficiency in the prosecution's case or, alternatively, to grant the Appellant a new trial where the verdict was against the overwhelming weight of the evidence.

Issue 3: Whether the trial judge erred in refusing defense proposed jury instruction D-7, which correctly stated the law in circumstantial evidence cases, and was supported by the evidence presented at trial.

SCR, Briefs of the Parties, Appellant's Brief (emphasis in original).

3. On February 13, 2018, the Mississippi Court of Appeals affirmed Chism's conviction and sentence in a written opinion attached hereto as **Exhibit A**. *Chism v. State*, 253 So. 3d 343 (Miss. Ct. App. 2018), *reh'g denied* (June 19, 2018). Chism filed a *pro se* petition for writ of *certiorari*, and on September 6, 2018, the Mississippi Supreme Court denied *certiorari* review. **Exhibit B**.

4. On October 9, 2018, Chism filed a *pro se* "Application for Leave to File Motion for Post-Conviction Relief," which was docketed as Mississippi Supreme Court Cause Number 2018-M-01436. *See* SCR, Cause No. 2018-M-01436. On November 6, 2018, Chism filed another copy of his "Application for Leave to File Motion for Post-Conviction Relief," with a "Motion for Post-Conviction Collateral Relief" attached thereto. *See id.* In his application and attached motion, Chism raised as his sole ground for post-conviction relief that his life sentence as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83 was illegal because neither of his prior convictions were crimes of violence; therefore, Chism alleged that this error denied his right to due process and resulted in an *ex post facto* violation. *See id.* The Mississippi Supreme Court ordered a response to Chism's application from the State. *See id.* Chism subsequently filed his rebuttal to the State's response. *See id.*

5. By Order filed on July 25, 2019, the Mississippi Supreme Court denied Chism's *pro se* "Application for Leave to Proceed in the Trial Court." **Exhibit C**. The Mississippi Supreme Court recognized that, "[w]hile [Chism's] claim could have been raised on direct appeal, an illegal-sentence claim is a recognized exception to the waiver bar." *Id.* (citing *Rowland v. State*, 98 So. 3d 1032, 1035–36 (Miss. 2012), *overruled on other grounds by Carson v. State*, 212 So. 3d 22 (Miss. 2016)). The Mississippi Supreme Court further explained that, "[t]o overcome that bar, however, the claim must have some arguable basis." **Exhibit C** (citing *Means v. State*, 43 So. 3d 438, 442 (Miss. 2010)). Upon consideration of Chism's claim, the Mississippi Supreme Court found as follows:

> Here, there is no arguable basis for Chism's illegal sentence claim. Mississippi Code Section 99-19-83 clearly mandated that Chism be sentenced as a habitual offender to life in prison. Before his current conviction, Chism had been convicted of burglary of a dwelling in 2009 and auto burglary in 2012. These two convictions arose out of separate incidents, and Chism was sentenced to and did serve separate terms in prison of one year or more. Further, the 2009 burglary of a dwelling was "a crime of violence, as defined by [Mississippi Code] Section 97-3-2." Miss. Code Ann. § 99-19-83 (Rev. 2015). *See* Miss. Code Ann. § 97-3-2(1)(o) (Rev. 2015).
>
> Chism clams the application of Section 97-3-2 (Rev. 2014) to his 2009 burglary-of-a-dwelling is *ex post facto*, and thus illegal, because Section 97-3-2 was not enacted until 2014. But this Court has long made clear that a sentence as a "habitual criminal is not to be viewed as either a new jeopardy *or additional penalty for the earlier crimes*. It is a stiffened penalty for *the latest crime*, which is considered to be an aggravated offense because a repetitive one." *Smith v. State*, 465 So. 2d 999, 1003 (Miss. 1985 (emphasis added) (quoting *Branning v. State*, 224 So. 2d 579, 580-81 (Miss. 1969)). Chism's life sentence—the one for which he seeks leave to file a PCR motion—is not retroactive additional punishment for his 2009 conviction. It is an enhanced penalty for his 2016 conviction.
>
> The latest crime was committed *after* Section 99-19-83 was amended in 2014 to incorporate by reference Section 97-3-2's definition of "crime of violence." So the application of Section 99-19-83, which defines Chism's previous burglary-of-a-dwelling conviction as a qualifying crime of violence, is not *ex post facto*. *See Miller v. State*, 225 So. 3d 12 (Miss. Ct. App. 2017).
>
> Thus, Chism fails to present a substantial showing of the denial of a state or federal right.

**Exhibit C** at 2-3 (emphasis in original). Accordingly, the Mississippi Supreme Court denied Chism's application. *Id.* at 3.

6. On August 19, 2019, Chism filed a "Motion for Enlargement of Time," seeking additional time to seek reconsideration of the Mississippi Supreme Court's ruling on July 25, 2019, denying his "Application for Leave to File Motion for Post-

Conviction Relief." *See* SCR, Cause No. 2018-M-01436. By Order filed on September 16, 2019, the Mississippi Supreme Court denied Chism's "Motion for Enlargement of Time," "[b]ecause [Miss. R. App. P.] 27(h) does not allow reconsideration of any rulings on applications for leave to seek post-conviction relief[.]" **Exhibit D**.

7. On June 29, 2020, Chism filed his *pro se* Petition for Writ of Habeas Corpus and attached memorandum in support thereof (Doc. 1), raising the following five grounds for relief:

**Ground One**: Petitioner is convicted and in custody of M.D.O.C. in violation of the United States Constitution[,] laws[,] and treaties by denial of competent effective assistance of counsel and denial of due process and equal protection of law through imposition of illegal sentence

**Ground Two**: Petitioner is convicted and is in M.D.O.C. in violation of the United States Constitution[,] laws[,] and treaties because trial judge erred in allowing the admission before the jury at the end of trial of the Appellant's prior house burglary conviction into evidence after previously excluding it under Mississippi Rule of Evidence 609, and admission of the Appellant's prior conviction was a per se violation of Mississippi Rule of Evidence 404(b), prior bad acts.

**Ground Three**: Petitioner was convicted and is in M.D.O.C. custody in violation of the United States Constitution[,] laws[,] an[d] treaties due to the trial court erred when it denied the Petitioner's Motion to Set Aside the Jury Verdict (J.N.O.V.) for legal insufficiency in the prosecution[']s case or, alternatively, to grant the Petitioner a new trial where the verdict was against the overwhelming weight of the evidence.

**Ground Four**: Petitioner is convicted and in custody of the M.D.O.C. in violation of the United States Constitution[,] laws[,] an[d] treaties because the trial judge erred in refusing defense proposed jury

instruction D-7, which correctly stated the law in circumstantial evidence cases, and was supported by the evidence presented at trial

**Ground Five:** Petitioner was convicted and is in M.D.O.C. custody in [] violation of the United States Constitution[,] laws[,] and treaties by false imprisonment through denial of ex-post facto protection suppression of exculpatory evidence denial of access to court for redress through denial of competent effective assistance of appellate counsel and racial discrimination.

ECF Doc. 1.

8. Respondent submits that Chism has exhausted his state court remedies as to the claims raised in Grounds One (regarding an illegal sentence), Two, Three, and Four, as stated above. Thus, any further return to the state court on these exhausted issues would be futile; however, Respondent submits that the Petitioner failed to raise his claims in Ground One regarding ineffective assistance of counsel and equal protection and any of his claims in Ground Five before the state's highest court.

Furthermore, Chism no longer has the ability to exhaust these claims in Grounds One and Five, as Chism has already had both a direct appeal and a post-conviction proceeding. Accordingly, when "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review." *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) (quoting *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993)). "If a Petitioner fails to exhaust remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal

habeas corpus relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). As explained above, Chism already sought post-conviction review in the Mississippi Supreme Court, and a second motion would likely be denied as a successive writ, absent any applicable exceptions. *See* Miss. Code Ann. § 99-39-27(9). Therefore, a return to state court would be futile. As such, Petitioner's claims in Grounds One (regarding ineffective assistance of counsel and equal protection) Ground Five of the instant petition are procedurally defaulted under *Sones* and should be dismissed with prejudice. *Coleman v. Thompson*, 501 U.S. 722 (1991); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) (an inmate's failure to present claims to the proper state court creates a procedural default for purposes of federal habeas review).

This Court is estopped on habeas review from reviewing state cases applying an independent and adequate state procedural rule, unless Petitioner can demonstrate cause and actual prejudice. *Coleman*, 501 U.S. at 750; *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996) (citations omitted). Respondent submits that Chism cannot show "cause" under the "cause and prejudice" test necessary to allow this Court to reach the merits of his claims despite the procedural bar because no external impediment existed to prevent him from raising and discussing these claims as grounds for relief in state court. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993); *Hill v. Black*, 932 F.2d 369 (5th Cir. 1991).[3] As such, absent a showing of "cause," it

[3] Respondent recognizes that attorney error can constitute cause to overstep the bar when such error rises to the level of the denial of effective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 489 (1986). Absent a showing of constitutionally ineffective assistance of counsel, attorney error "does not constitute cause and will not excuse a procedural default." *Id.* at 494. Respondent submits that Chism has not presented claims of ineffective assistance of counsel based on appellate counsel's failure to raise these issues. Accordingly, this

is unnecessary for this Court to consider whether there is actual prejudice. *Martin*, 98 F.3d at 849; *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

Further, Respondent submits that Chism has failed to establish that dismissal of these claims on procedural grounds would result in a "fundamental miscarriage of justice." *Martin*, 98 F.3d at 849 (citing *Sawyer v. Whitley*, 505 U.S. 333 (1992)). The "fundamental miscarriage of justice" exception is even more circumscribed than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the requisite probability that he was actually innocent, the Petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman*, 188 F.3d at 644 (citations omitted). Petitioner has not come forward with any new, reliable evidence and, thus, falls far short of establishing that a fundamental miscarriage of justice will result if his claims are not considered on the merits. Chism

---

argument cannot form the basis for "cause" for Chism's procedural default of these specific claims in Grounds One and Five. *See Edwards v. Carpenter*, 529 U.S. 445, 452 (2000) (quoting *Murray*, 477 U.S. at 489) ("'[A] claim for ineffective assistance,' we said, generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'"). Accordingly, Chism cannot establish cause for his default based on attorney error. Furthermore, Chism's procedural default of these specific issues in Grounds One and Five in state court was directly attributable to him, as he proceeded *pro se* on post-conviction review, yet failed to preserve these claims. Respondent further submits that Chism's defaulted claims are merely conclusive and not persuasive. Such "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Schlang v. Heard,* 691 F.2d 796, 798 (5th Cir. 1982) (collecting cases); *see also Koch v. Puckett*, 907 F.2d 527, 530 (5th Cir. 1990).

presented his claim of "actual innocence" to the jury through his testimony at trial, which the jury rejected. *See* SCR, Vol. 3 at 196–227. Accordingly, Respondent submits that habeas relief cannot be granted with respect to the claims in Ground One (regarding ineffective assistance of counsel and equal protection) and Ground Five of the instant petition. Therefore, Respondent requests that these claims be dismissed with prejudice as procedurally defaulted.

9. As stated above, Respondent submits that, upon liberal review of the pleadings filed by Petitioner, it appears that Petitioner raised his remaining claims in Grounds One (regarding an illegal sentence), Two, Three, and Four of the instant petition in the state's highest court either on direct appeal or post-conviction review, and all claims were denied. As set forth in detail above, Chism's claim of an illegal sentence in Ground One was reviewed by the Mississippi Supreme Court on post-conviction review and denied on the merits. *See* **Exhibit C**. Chism's claims raised in Grounds Two, Three, and Four were reviewed by the Mississippi Court of Appeals on direct appeal and denied on the merits. *See* **Exhibit A**. The Mississippi Supreme Court subsequently denied *certiorari* review. *See* **Exhibit B.** As a result, under the AEDPA, because these claims were decided on the merits by the state's highest court, Respondent submits that habeas corpus relief cannot be granted with respect to these claims in the instant petition. 28 U.S.C. § 2254(d) and § 2254(e)(1).

Chism's claims are barred from habeas corpus review by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law and to mixed questions of fact and law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997).

Respondent submits that the claims raised herein, as noted above, involve mixed questions of law and fact; therefore, subsection (1) of § 2254(d) governs the claims and dictates that a federal court cannot grant habeas relief to the petitioner unless it determines that the state court's decision involved an unreasonable application of the law to the facts. The "unreasonable application" standard of review of a state court decision does not mean that a federal court may grant habeas relief based on its simple disagreement with the state court decision; this would amount to nothing more than *de novo* review. *See Williams v. Cain*, 125 F.3d 269, 276–77 (5th Cir. 1997). Unless there is such an unreasonable application, there exists a presumption that state court factual findings are correct. *Knox v. Johnson*, 224 F.3d 470 (5th Cir. 2000).

In *Williams v. Taylor*, 529 U.S. 362, 412 (2000), the United States Supreme Court concluded that § 2254(d)(1) "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Id.* A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Id.* at 412–13 (emphasis added). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies the principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 409–10, 413 (emphasis added). Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411; *see also Ramdass v. Angelone,* 530 U.S. 156 (2000); *Chambers v. Johnson*, 218 F.3d 360 (5th Cir. 2000); *Hill v. Johnson*, 210 F.3d 481 (5th Cir. 2000). Thus "the question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007). The United States Supreme Court has observed that this is a difficult standard to meet. *See Harrington v. Richter*, 562 U.S. 86, 102 (2011). As discussed in detail below, Chism has failed to show that the state's highest

court unreasonably applied the law to the facts, or that the court's decision contradicted clearly established federal law. Moreover, a federal court does not "sit as a 'super' state supreme court" and may decide the issues presented by this federal habeas petition, "only to the extent that federal constitutional issues are implicated." *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986). Accordingly, the exception in subsection (d)(1) does not provide a basis for relief on the claims raised in Chism's federal habeas petition.

Nevertheless, under § 2254(d)(2), these grounds may still merit review if those facts to which the appellate courts applied the law were determined unreasonably in light of the evidence presented. Because the state appellate courts are presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As will be discussed below, Chism has failed to meet this burden. Accordingly, Respondent submits that this Court is barred from reviewing each of Chism's claims in Grounds One (regarding an illegal sentence), Two, Three, and Four of the instant petition, which were already decided by the state's highest court and held to be without merit.

10. Respondent submits that a summary of the facts of this case will assist this Court in its consideration of the instant petition. The Mississippi Court of Appeals accurately summarized the relevant facts and procedural history of this case, as follows:

¶ 2. Officer Angela Nichols of the Jackson Police Department was dispatched to a potential home burglary in progress. The house's alarm system was triggered, resulting in the alarm company calling the police, and the police department dispatched Nichols who was close by.

¶ 3. Nichols arrived at the scene and walked around to the basement in the back of the house where the alarm originated. She saw Chism backing out of the basement carrying a bag. Nichols ordered Chism to drop the bag and get down on the ground. He complied. Nichols arrested Chism after she inspected the bag and found an X–Box One game console.

¶ 4. Chism testified that he was on his way to his father's house early that Saturday morning to work, like he normally did on Saturdays. As they were driving, Chism and his wife, Mary, got into a dispute. To avoid any further confrontation, Chism testified that he asked Mary to pull over and let him out of the car. He would continue the rest of the way on foot. Chism said that, since he was already on probation from a previous conviction, he wanted to be extra precautious to avoid confrontation. Mary let him out of the car and sped off hurriedly, which worried Chism. He testified that he began walking to the house of his friend's aunt, which was nearby. He planned to borrow a phone to check on his wife and let his father know that he was on the way.

¶ 5. Chism then testified that he was walking past the house at issue, and he heard an alarm. He walked around the house to investigate and assist anyone that may need help. He then claimed the back door was wide open. Chism also said that he did not intend to go inside and take anything; but, he entered the house and called for anyone that may be inside. He then noticed a bag on the floor of the basement. He picked up the bag just as Nichols was rounding the corner.

¶ 6. After placing Chism in custody, Nichols testified that she and other officers entered the house through the basement door to inspect and secure the house. Kenneth Gray, the then-tenant of the house, testified that the basement door separating the basement from outside had been pushed in and the doorframe sustained significant damage. Gray testified that he had not given anyone permission to enter his residence. Gray confirmed Nichols's testimony that his bicycle, which he usually stored inside the basement, was leaning against the wall outside of the basement door.

> ¶ 7. Once inside the house, Nichols proceeded upstairs into the kitchen and living-room areas. She testified that the door separating the basement from the living room was totally destroyed and completely torn in half. She found the living room in disarray, and the couch was thrown about as though someone had been searching through it. Nichols stated these were all common signs of forced entry and burglary.

*Chism*, 253 So. 3d at 344–45. Respondent will set forth additional facts, as necessary, in the discussion of Chism's specific claims for relief below.

**Ground One: Illegal Sentence**

In Ground One of the instant petition, Chism alleges that "[t]he State illegally used a non-violent (2009) unoccupied house burglary conviction to" sentence him as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83 and violated his right to due process. Doc. 1 at 16–18. Chism further alleges that, because Mississippi Code Annotated section 97-3-2 was not enacted until 2014, application of this provision to his 2009 burglary of a dwelling conviction resulted in an *ex post facto* violation. *Id.*

As discussed above, on post-conviction review, Chism raised as his sole ground for relief that his life sentence as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83 was illegal because neither of his prior convictions were crimes of violence; therefore, Chism alleged that this error denied his right to due process. *See* SCR, Cause No. 2018-M-01436. He likewise alleged that the State impermissibly applied Mississippi Code Annotated section 97-3-2 to his 2009 burglary of a dwelling conviction, which resulted in an *ex post facto* violation.[4] *See id.*

---

[4] The Mississippi Supreme Court ordered a response to Chism's application from the State, and Chism subsequently filed his rebuttal to the State's response. *See id.*

As set forth in detail above, upon consideration of these issues, the Mississippi Supreme Court denied Chism's application. *See* **Exhibit C**. The Mississippi Supreme Court analyzed Chism's claims pursuant to state law and found that "Chism's life sentence—the one for which he s[ought] leave to file a PCR motion—[wa]s not retroactive additional punishment for his 2009 conviction." *Id.* at 2. Rather, "[i]t [wa]s an enhanced penalty for his 2016 conviction." *Id.* The Mississippi Supreme Court further explained that:

> The latest crime was committed *after* Section 99-19-83 was amended in 2014 to incorporate by reference Section 97-3-2's definition of "crime of violence." So the application of Section 99-19-83, which defines Chism's previous burglary-of-a-dwelling conviction as a qualifying crime of violence, is not *ex post facto*. *See Miller v. State*, 225 So. 3d 12 (Miss. Ct. App. 2017).

*Id.* Accordingly, the Mississippi Supreme Court found that "Chism fail[ed] to present a substantial showing of the denial of a state or federal right." *Id.* at 3.

Initially, Respondent submits that "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004) ("In our role as a federal habeas court, we cannot review the correctness of the state habeas court's interpretation of state law."); *Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000) (holding a federal habeas court may not review a state court's interpretation of its own law). Furthermore, while Chism attempts to cast his claims in Ground One in constitutional terms, "a mere error of state law is not a denial of due process." *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982). Accordingly, a habeas

petitioner may not transform a state law issue into a federal one, merely by asserting a due process violation.

Notwithstanding the fact that Chism's arguments in Ground One are based on errors of state law, Chism has failed to establish that he is entitled to relief on his claim of an *ex post facto* violation. Article I, § 10, cl. 1 of the United States Constitution prohibits states from "pass[ing] any ... *ex post facto* Law." U.S. CONST. art. I, § 10, cl. 1. "A law violates the Ex Post Facto Clause if it is 'retrospective,' that is, it 'appl[ies] to events occurring before its enactment,' and it 'disadvantage[s] the offender affected by it.'" *Price v. Warden*, 785 F.3d 1039, 1042 (5th Cir. 2015) (quoting *Weaver v. Graham*, 450 U.S. 24, 29 (1981)); *see also Collins v. Youngblood*, 497 U.S. 37, 41 (1990). Thus, it is well established that an *ex post facto* law is one which "punish[es] as a crime an act previously committed, which was innocent when done ... make[s] more burdensome the punishment for a crime, after its commission ... [or] deprive[s] one charged with [a] crime any defense available according to law at the time when the act was committed." *Collins*, 497 U.S. at 52; *see also* U.S. CONST. art. I, § 10, cl. 1. Moreover, as the United States Supreme Court has explained,

> [c]ritical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.

*Weaver*, 450 U.S. at 30.

With respect to Chism's case, prior to 2014, to designate burglary of a dwelling as a violent crime, the State had to prove actual violence during the commission of the burglary. *See Brown v. State*, 102 So. 3d 1087, 1092 (¶21) (Miss. 2012). In 2014,

the Legislature expressly defined burglary of a dwelling as a "*per se* crime of violence." Miss. Code Ann. § 97-3-2 (Rev. 2014). Effective July 1, 2014, Mississippi Code Annotated section 99-19-83 provides that:

> [e]very person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more, whether served concurrently or not, in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been *a crime of violence, as defined by Section 97-3-2*, shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole, probation or any other form of early release from actual physical custody within the Department of Corrections.

Miss. Code Ann. § 99-19-83 (Rev. 2015) (emphasis added).

On February 26, 2016, Chism was indicted as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83, for the commission of a burglary of a dwelling on January 16, 2016. SCR, Vol. 1 at 4. A jury subsequently found Chism guilty of the burglary. *Id.* at 69; *see also* Vol. 3 at 290. At Chism's sentencing hearing on September 6, 2016, the State submitted evidence of Chism's prior convictions in the Hinds County Circuit Court for burglary of a dwelling in 2009, and burglary of an automobile in 2013. SCR, Vol. 4 at 298–332. The State further provided evidence that Chism was sentenced to, and served, separate terms of one year or more for each of these prior felony convictions and that Chism's 2009 burglary conviction constituted a crime of violence pursuant to Mississippi Code Annotated section 97-3-2. *Id.* The trial court found sufficient evidence of Chism's habitual offender status pursuant to Mississippi Code Annotated section 99-19-83. *Id.* Accordingly, the trial

court properly sentenced Chism to serve a term of life in the custody of the MDOC, without the possibility of parole. *Id.*; *see also* Vol. 1 at 76.

Thus, Chism's 2009 burglary of dwelling conviction constituted a crime of violence, as set forth by the Legislature pursuant to Mississippi Code Annotated section 97-3-2, which was enacted two years prior to Chism's commission of his 2016 burglary of a dwelling. The record reflects that the State demonstrated that Chism met the statutory requirements of a habitual offender pursuant to Mississippi Code Annotated section 99-19-83. SCR, Vol. 4 at 298–332.

Furthermore, as the Mississippi Supreme Court correctly found on post-conviction review, the court "ha[d] long made clear that a sentence as a 'habitual criminal is not to be viewed as either a new jeopardy *or additional penalty for the earlier crimes*.'" *See* **Exhibit C** at 2 (citing *Smith v. State*, 465 So. 2d 999, 1003 (Miss. 1985)) (emphasis in original) (citation omitted). Rather, "'[i]t is a stiffened penalty for *the latest crime*, which is considered to be an aggravated offense because a repetitive one.'" *Id.* Thus, Chism's life sentence as a habitual offender "[wa]s not retroactive additional punishment for his 2009 conviction." *Id.* Chism's life sentence was an enhanced penalty for his 2016 burglary conviction. *Id.* Therefore, because Chism committed his latest burglary *after* the Legislature amended Mississippi Code Annotated section 99-19-83 to incorporate Section 97-3-2's definition of "crime of violence," the application of Section 99-19-83, which defines Chism's previous 2009 burglary conviction as a qualifying crime of violence, to Chism's life sentence as a habitual offender did not result in an *ex post facto* violation. *See id.*

Respondent submits that Chism fails to establish that the Mississippi Supreme Court's resolution of the issues in Ground One was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Respondent further submits that the Mississippi Supreme Court's decision was not based on an unreasonable determination of the facts in light of the evidence. Therefore, Chism is not entitled to federal habeas relief on Ground One of the instant petition.

**Ground Two: Prior Bad Acts**

In Ground Two, Chism challenges the trial court's admission of his prior burglary convictions into evidence. Doc. 1 at 19–35. In support of this ground for relief, Chism "contends that the trial court erred in allowing the admission of [his] 2009 house burglary conviction after preliminarily excluding it" pursuant to Miss. R. Evid. 609. Doc. 1 at 25. Chism argues that the trial court allowed the jury to "to improperly consider the prior house burglary conviction as 'propensity' character evidence, which the left the jury little choice but to convict Mr. Chism." *Id.* Chism raised this claim on direct appeal through counsel, and the Mississippi Court of Appeals found that this issue was without merit. *Chism*, 253 So. 3d at 345–47. The Mississippi Supreme Court subsequently denied *certiorari* review. *See* **Exhibit C**.

Initially, Respondent submits that a claim challenging the state court's ruling on the admissibility of certain evidence is precluded from review by this Court because the rulings of state courts on evidentiary matters are solely issues of state law. That is, a state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is

held "in custody in violation of the Constitution or laws or treaties of the United States." *Engle,* 456 U.S. at 118. Federal courts have "long recognized that a 'mere error of state law' is not a denial of due process[]" because "[i]f the contrary were true, then 'every erroneous decision by a state court on state law would come [to this Court] as a federal constitutional question.'" *Id.* at 121 n.21 (citations omitted).

The Fifth Circuit has held that "[a] state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair." *Johnson v. Puckett,* 176 F.3d 809, 820 (5th Cir. 1999) (citing *Cupit v. Whitley,* 28 F.3d 532, 536 (5th Cir. 1994)). "[I]n reviewing state court evidentiary rulings, the federal habeas court's role 'is limited to determining whether a trial judge's error is so extreme that it constituted a denial of fundamental fairness' under the Due Process Clause." *Castillo v. Johnson,* 141 F.3d 218, 222 (5th Cir. 1998) (citations omitted); *see also Jackson v. Johnson,* 194 F.3d 641, 656 (5th Cir. 1999). The "erroneous admission of prejudicial testimony does not justify habeas relief unless the evidence played a 'crucial, critical, and highly significant' role in the jury's determination." *Jackson,* 194 F.3d at 656.

The record reflects that, prior to trial, Chism filed a motion in limine to preclude the State from introducing evidence of his prior felony convictions at trial, or otherwise referencing such. SCR, Vol. 1 at 28–30; Vol. 2 at 8. The trial court reserved ruling on Chism's motion until the appropriate time during trial. SCR, Vol. 2 at 8–9. The trial court further instructed that the State make no references to Chism's prior burglary convictions until addressing the issue with the trial court. *Id.*

At the conclusion of Chism's trial, and following the defense's announcement that it rested its case, the State again sought to admit Chism's prior burglary convictions pursuant to Mississippi Rule of Evidence 404(b), as self-authenticating judgments of conviction for substantive proof of intent to commit the crime. SCR, Vol. 3 at 239. The trial court then heard argument from the parties, overruled Chism's objections, and allowed admission of Chism's house and auto burglary convictions into evidence to show his intent. *Id.* at 239–42, 263–68.

On direct appeal, the Mississippi Court of Appeals analyzed the issue raised by Chism in Ground Two pursuant to state law[5] and Mississippi Rule of Evidence 404(b),[6] explaining that "[i]ntent is a vital element of burglary." *Chism*, 253 So. 3d at 346. The Mississippi Court of Appeals further analyzed this issue pursuant to state court precedent, ultimately holding that:

[5] As the Mississippi Court of Appeals stated in its decision, Mississippi Code Annotated section 97-17-23(1) provides that "[t]he elements of burglary of a dwelling are the 'breaking and entering [of a] dwelling house … of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein[.]'" *Chism*, 253 So. 3d at 346 (quoting Miss. Code Ann. § 97-17-23(1) (Rev. 2014)).

[6] Mississippi Rule of Evidence 404(b) provides as follows:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. This evidence may be admissible for another purpose, such as proving motive, opportunity, *intent*, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

(Emphasis added).

> … evidence of Chism's prior convictions was offered to prove that Chism's intent was to burglarize the house, not to offer aid to someone. While on the stand, Chism repeatedly answered questions from his attorney regarding his intent that morning, his intent upon approaching the house, and his intent while inside the house. The trial court found that "given [Chism's] vigorous assertion of lack of intent [to steal,] ... the admission of the [past] burglary conviction[s] ... is extremely relevant and appropriate, in the State's effort to rebut the defendant's assertion that he did not intend to burglarize the home."
>
> ¶ 18. The trial court determined that the evidence of the prior convictions was not overly prejudicial compared to its probative value. Intent in burglary cases is a central element to the charge. As a result, the evidence of intent was allowed in by Rule 404(b). Therefore, this Court cannot conclude that the trial court abused its discretion in admitting Chism's prior felony convictions into evidence. We find no merit to this issue.

*Id.* at 346–47 (alterations in original).

Respondent submits that the trial court's ruling on this evidence was correct under state law, and Chism's challenge to the admissibility of his prior burglary convictions in Ground Two is without merit, as correctly determined by the Mississippi Court of Appeals on direct appeal. Respondent further submits that Chism's claim in Ground Two challenging the admissibility of his prior burglary convictions fails to state a cognizable claim for federal habeas relief because it raises only an issue of state law. As such, Respondent submits that Chism is not entitled to any relief based upon his claim in Ground Two.

**Ground Three: Weight and Sufficiency of the Evidence**

In Ground Three, Chism attacks both the weight and sufficiency of the evidence in his case. Doc. 1 at 35–40. On direct appeal, the Mississippi Court of Appeals addressed these issues separately and found Chism's challenges to the

weight and sufficiency of the evidence to be without merit. *See Chism*, 253 So. 3d at 347–48. The Mississippi Supreme Court subsequently denied *certiorari* review. *See* **Exhibit C**.

Initially, Respondent submits that Chism's challenge to the weight of the evidence to support his conviction fails to present a cognizable claim for federal habeas relief. *See Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985), *cert. denied*, 476 U.S. 1123 (1986). It is a fundamental principle that "[a] federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence[.]" *Id.* Unlike a sufficiency of the evidence claim, a weight-of-the-evidence claim requires an assessment of the credibility of the evidence presented at trial. *Tibbs v. Florida*, 457 U.S. 31, 37–38 (1982). "Simply put," disputes regarding the weight of the evidence are within the province of the jury, and its assessment cannot be disturbed by this Court as long as some evidence existed for the jury to draw its conclusions. *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995).

On direct appeal, the Mississippi Court of Appeals examined the evidence against Chism and considered the evidence in the light most favorable to the verdict. *See Chism*, 253 So. 3d at 348. Thus, upon review, the Mississippi Court of Appeals found that the verdict was not against the weight of the evidence and affirmed Chism's burglary conviction. *Id.* The Mississippi Court of Appeals correctly found that:

> Chism argues that the State's case is flimsy and based on circumstantial evidence because Nichols did not see Chism break through the door and enter the house. He also argues that the State failed to establish that Chism had the requisite intent to steal. However, as stated in detail above, Nichols saw Chism inside the broken-into house and witnessed him intentionally steal the X–Box game console from the house. This testimony is not in dispute nor is it circumstantial. Viewed in the light most favorable to the verdict, we cannot say that the evidence preponderates heavily against the jury's decision to find Chism guilty of burglary of a dwelling. We find no merit to this issue.

*Id.* The Mississippi Supreme Court subsequently denied *certiorari* review. *See* **Exhibit C**. Accordingly, Respondent submits that Chism's challenge to the weight of the evidence in Ground Three of the instant petition fails to present a valid claim for federal habeas review.

With respect to Chism's challenge to the sufficiency of the evidence, this Court's standard of review "for an insufficient evidence claim in a federal habeas corpus proceeding is 'whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Hughes v. Johnson*, 191 F.3d 607, 619 (5th Cir. 1999) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see also Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001); *Dupuy v. Cain*, 201 F.3d 582, 589 (5th Cir. 2000); *West v. Johnson*, 92 F.3d 1385, 1391 (5th Cir. 1996). In *Jackson*, the United States Supreme Court also explained that "[t]his familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basis facts to ultimate facts." *Jackson*, 443 U.S. at 319. Under *Jackson*, this Court may find the evidence sufficient to support a conviction even if "the facts also support one or more

reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 783 (5th Cir. 1992); *see also United States v. Vargas-Ocampo*, 747 F.3d 299 (5th Cir. 2014) (*Jackson* also "unambiguously instructs that a reviewing court, 'faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution'") (citations omitted). This deferential standard of review "preserves the integrity of the trier of fact as the weigher of the evidence." *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983). The United States Supreme Court has reiterated the deference due to the jury's determination under *Jackson*, holding that "the only question under *Jackson* is whether [the jury's] finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). Under *Jackson*, claims "face a high bar in federal proceedings because they are subject to two layers of judicial deference." *Coleman*, 566 U.S. at 651. In the first layer, a state appellate court reviewing the sufficiency of the evidence sets aside the jury's verdict "only if no rational trier of fact could have agreed with the jury." *Id.* In the second layer, "on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court." *Id.* Rather, a federal court may grant habeas relief only upon a finding that the state court's rejection of the sufficiency of the evidence claim was "objectively unreasonable." *Id.*

Where, as here, "a state appellate court has conducted a thoughtful review of the evidence," its determination of the sufficiency of the evidence "is entitled to great deference." *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993). The United States Supreme Court has stressed the high level of deference that must be afforded to state court decisions. *Harrington*, 562 U.S. at 103; *Premo v. Moore*, 562 U.S. 115 (2011). It has instructed that "[s]ection 2254(d) is designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions. *Harrington*, 562 U.S. at 104. This high bar "ensure[s] that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." *Id.* (citing *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977)).

Furthermore, this Court is required to accept all credibility choices and conflicting inferences in favor of the jury's verdict. *See Ramirez v. Dretke*, 398 F.3d 691, 694 (5th Cir. 2005). This requirement encompasses both direct and circumstantial evidence. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990); *see also Jackson*, 443 U.S. at 324–25. Witness credibility determinations are within the province of the jury, and it "retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses." *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001). On habeas review, this Court defers to the trier of fact in resolving conflicts requiring credibility determinations. *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002).

The evidence at Chism's trial was sufficient for a jury to conclude that he burglarized the home at which he was apprehended by Officer Nichols. Upon consideration of Chism's challenge to the sufficiency of the evidence on direct appeal, the Mississippi Court of Appeals analyzed Chism's claim pursuant to both *Jackson* and state court precedent. *Chism*, 253 So. 3d at 347 (citing *Jackson*, 443 U.S. at 318–19) (additional citation omitted). The Mississippi Court of Appeals correctly explained, as follows:

> ¶ 22. When considering the evidence in the light most favorable to the prosecution, we find there was sufficient evidence to convict Chism of burglary of a dwelling. The alarm system on the house had been triggered by a break-in, and the alarm company and police were notified. Because Nichols was so close by at the time she received the call from dispatch, she was able to arrive on the scene quickly and see Chism exiting the house through the broken basement door with stolen goods in his possession. The bag contained property later identified as belonging to the resident of the home, Gray. The basement door that Chism admittedly entered and exited without Gray's permission was severely damaged, and the inside of the home showed signs consistent with forced entry and burglary. Gray's bicycle, which was normally stored inside the basement, had been moved and set up against the outside of the house near the basement door.

*Chism*, 253 So. 3d at 347–48. Accordingly, the Mississippi Court of Appeals ultimately held that:

> ¶ 23. Considering these facts, we find that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. We find no merit to this issue.

*Id.* The Mississippi Supreme Court subsequently denied *certiorari* review. *See* **Exhibit C**.

As such, on direct appeal, the Mississippi Supreme Court denied Chism's sufficiency of the evidence challenge that he now presents in Ground Three of the instant petition. As stated above, this determination of the state appellate court, finding the evidence sufficient to support Chism's conviction, is entitled to great deference. *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir.), *cert. denied*, 474 U.S. 855 (1985); *see also Gibson v. Collins*, 947 F.2d 780 (5th Cir. 1991). Reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the house burglary charge beyond a reasonable doubt. The jury considered the evidence put forth by the State and found sufficient evidence to establish that Chism burglarized the dwelling, as charged. Moreover, Chism has failed to present any evidence to overcome the deference afforded to the decision of the Mississippi Court of Appeals and the Mississippi Supreme Court's subsequent denial of *certiorari* review on this issue. *See Coleman*, 566 U.S. at 651. The decision was not an unreasonable application of *Jackson* to the facts of this case. Thus, Chism's challenge to the sufficiency of the evidence in Ground Three of the instant petition does not form the basis for federal habeas relief. Furthermore, given the evidence presented against Chism at trial and the evidence in the record, the state court's determination that Chism's challenge to the sufficiency of the evidence in Ground Three is without merit was not unreasonable. It is Chism's burden to prove otherwise, and Respondent submits that Chism has not, and cannot, meet this burden, much less with clear and convincing evidence. *See Miller,* 200 F.3d at 281; *see also* 28 U.S.C. § 2254(e)(1).

**Ground Four: Refusal of Jury Instruction D-7**

In Ground Four, Chism argues that the trial court erred in refusing to instruct the jury on the law regarding circumstantial evidence. Doc. 1 at 40–45. On direct appeal, Chism likewise argued that the trial court improperly refused the defense's proposed circumstantial-evidence instruction. *See* SCR, Briefs of the Parties, Appellant's Brief. Chism asserted that, because no eyewitness identified him as the person who broke and entered into Gray's residence, and there was no evidence of Chism's intent to steal, the State's evidence against him was entirely circumstantial. *Id.*

Respondent submits that challenges to jury instructions rarely serve as a basis for federal habeas relief. *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002); *see also Gilmore v. Taylor*, 508 U.S. 333, 342–44 (1993); *Estelle*, 502 U.S. at 71. The Fifth Circuit has further instructed that "[e]rrors in jury instructions do not state a claim for relief unless the error resulted in 'prejudice of constitutional magnitude.'" *Ramirez v. Dretke*, 398 F.3d 691, 697 (5th Cir. 2005) (quoting *Sullivan v. Blackburn,* 804 F.2d 885, 887 (5th Cir. 1986)). The burden of demonstrating that an error in jury instructions was sufficiently prejudicial to support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. *Ramirez*, 398 F.3d at 697 (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)). Challenged jury instructions "may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record." *Estelle*, 502 U.S. at 72. "A petitioner

must show that the erroneous instruction by itself so infected the entire trial that the resulting conviction violates due process." *Mayabb v. Johnson*, 168 F.3d 863, 867 (5th Cir. 1999) (citations omitted).

Furthermore, in *Holland v. United States*, 348 U.S. 121, 139–40 (1954), the United States Supreme Court explained that:

> The petitioners assail the refusal of the trial judge to instruct that where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt. There is some support for this type of instruction in the lower court decisions, … but the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect.
>
> Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more.

*Id.* (citations omitted). Accordingly, Chism possesses no federal constitutional right to a circumstantial evidence instruction. *See Wallace v. Banks*, No. 3:16CV669-CWR-RHW, 2018 WL 3852624, *1 (S.D. Miss. July 9, 2018), *report and recommendation adopted by*, *Wallace v. Banks*, No. 3:16CV669-CWR-RHW, 2018 WL 3846324, *1 (S.D. Miss. Aug. 13, 2018). Moreover, as explained above, challenged jury instructions may not be judged in artificial isolation, but must be considered "in the context of the instructions as a whole and the trial record." *Estelle*, 502 U.S. at 72. The record in this case reflects that, while Chism was not entitled to a circumstantial evidence

instruction, as discussed in detail below, the trial court properly instructed the jury regarding Chism's presumption of innocence and reasonable doubt. SCR, Vol. 1 at 45.

Chism's proposed jury instruction D-7 provided that:

> [t]he Court instructs the jury that if you determine that the State's proof against the Defendant *is wholly circumstantial*, in that event, the guilt of the Defendant must not only be proved beyond a reasonable doubt but also to the exclusion of every other reasonable hypothesis consistent with innocence.

SCR, Vol. 1 at 66 (emphasis added); *see also* Vol. 3 at 258. The record reflects that, during the jury instruction conference outside of the present of the jury, the State objected to proposed jury instruction D-7. SCR, Vol. 3 at 259. The State argued that "[t]his [wa]s not a wholly circumstantial evidence case[;]" therefore, this proposed instruction was improper. *Id.* Upon consideration of the arguments by the parties, the trial court found that proposed jury instruction D-7 was not supported by the evidence in this case and refused the instruction. *Id.* at 260. As stated above, the record further reflects that the jury was properly instructed regarding Chism's presumption of innocence and reasonable doubt. SCR, Vol. 1 at 45.

Chism raised his challenge to the trial court's refusal of his circumstantial evidence instruction on direct appeal. *See* SCR, Briefs of the Parties, Appellant's Brief. The Mississippi Court of Appeals examined this claim pursuant to state law[7] and explained that, "[h]ere, there is eyewitness testimony to the gravamen of the offense of burglary of a dwelling: '(1) the burglarious breaking and entering [of] a

[7] Under Mississippi law, a circumstantial evidence instruction would be required "only when the prosecution can produce neither an eyewitness nor a confession/statement by the defendant." *Grayer v. State*, 120 So. 3d 964, 968 (Miss. 2013).

dwelling, and (2) the felonious intent to commit some crime therein.'" *Chism*, 253 So. 3d at 348–49. The Mississippi Court of Appeals further found that:

> the State produced direct evidence to the gravamen of the offense charged in the form of eyewitness testimony. Nichols'[] testimony puts Chism inside and exiting the broken-into house while intentionally in the possession of stolen property. Therefore, because of the presence of direct eyewitness testimony, the State's case was not wholly circumstantial. Accordingly, we find that Chism was not entitled to a circumstantial-evidence instruction. We find no merit to this issue. Chism's conviction and sentence of life without eligibility for parole as a habitual offender are affirmed.

*Id.* at 349. The Mississippi Supreme Court subsequently denied *certiorari* review. *See* **Exhibit C**.

Chism fails to establish that the Mississippi Supreme Court's resolution of this issue regarding the trial court's refusal of jury instruction D-7 was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Chism further fails to establish that the decision was based on an unreasonable determination of the facts in light of the evidence. Therefore, Chism is not entitled to federal habeas relief on his claim raised in Ground Four of the instant petition.

11. Section 2254(d) mandates deference to state court decisions on claims adjudicated on the merits in the state court. Under the AEDPA, a federal court will not disturb a state court's application of law to facts unless the state court decision was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Upon review of the state court's findings as to the claims in Grounds One (regarding an illegal sentence), Two, Three, and Four of the

instant petition, Respondent submits that the state court's determination that Chism was not entitled to relief did not "result[] in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States." *See* U.S.C. § 2254(d)(1); *see also Gachot v. Stalder*, 298 F.3d 414, 421 (5th Cir. 2002). Additionally, the decision was not based on an unreasonable determination of the facts in light of the evidence. Accordingly, Respondent submits that Chism is not entitled to relief based on his claims in the instant federal habeas corpus petition.

12. Respondent will electronically file with the Clerk of the Court, as a separate docket entry, a copy of the state court record. Respondent knows of no other proceedings, which were recorded, but have not yet been transcribed.

**WHEREFORE, PREMISES CONSIDERED**, Respondent respectfully requests that this Court dismiss with prejudice the Petition for Writ of Habeas Corpus filed herein and deny Petitioner Chism a Certificate of Appealability to appeal this matter to the United States Court of Appeals for the Fifth Circuit.

Respectfully submitted this, the 10th day of September, 2020.

LYNN FITCH
Attorney General of Mississippi

BY: /s/ *Bridgette N. Grant*
BRIDGETTE N. GRANT
MS Bar No. 104548
Special Assistant Attorney General
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: 601.359.3680
Email: Bridgette.Grant@ago.ms.gov

*Counsel for Respondent*

## CERTIFICATE OF SERVICE

I, Bridgette N. Grant, Special Assistant Attorney General for the State of Mississippi, do hereby certify that I electronically filed the foregoing **Answer** with the Clerk of the Court using the ECF system, which sent notification of such filing to the following: United States Magistrate Judge Linda R. Anderson and United States District Chief Judge Daniel P. Jordan.

I further certify that I have caused to be mailed on this date, via the United States Postal Service, first-class postage prepaid, a true and correct copy of the foregoing to the following:

Adam Chism, #129591
South Mississippi Correctional Facility
P.O. Box 1419
Leakesville, MS 39451

This, the 10th day of September, 2020.

/s/ Bridgette N. Grant
BRIDGETTE N. GRANT